UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM BICE, an individual,

Plaintiff,

vs.

Case No. 1:20-cv-_____
Hon. ____________________

W.L. MOLDING OF MICHIGAN, LLC, a limited liability Company

Defendants.

William F. Piper (P38636)
William F. Piper, PLC.
**Attorney for Plaintiff**
1611 W. Centre Avenue, Suite 209
Portage, MI 49024
(269) 321-5008
wpiper@wpiperlaw.com

## COMPLAINT

The plaintiff William Bice, by and through his attorney William F. Piper, PLC., for his complaint, states as follows:

## JURISDICTIONAL ALLEGATIONS

1. The plaintiff William Bice is an individual who resides in the city and county of Kalamazoo and he resided there at all times relevant to this complaint

2. The defendant W.L. Molding of Michigan LLC is a corporation that did business in the city of Portage, county of Kalamazoo at all times relevant to this complaint.

3. The lawsuit arises out of Mr. Bice's employment by the defendant and its termination of that employment by it on March 30, 2020.

4. This lawsuit arises in part under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et. seq*. and 42 U.S.C. § 1981a, and the Family and Medical Leave Act 29 U.S.C. § 2601 *et. seq*.

5. Jurisdiction arises under 28 U.S.C. § 1331.

**<u>COMMON ALLEGATIONS</u>**

6. The plaintiff restates and realleges as though fully set forth herein paragraphs 1-5 of this complaint.

7. The defendant hired the plaintiff in June 2013.

8. Mr. Bice worked in the maintenance department, in the processing department, and again in the maintenance department

for the defendant.

9. At all times he worked for the defendant Mr. Bice did a good job of it.

10. During Mr. Bice's employment he requested and received intermittent leave under the FMLA to care for his wife who has bipolar disorder and other medical problems, and to transport her to medical appointments.

11. On September 17, 2019 the defendant deducted from Mr. Bice an allotted attendance point under its attendance policy when he left work to take care of his wife.

12. In November and December 2019 the defendant claimed it suspended Mr. Bice for improperly leaving work and deducted allotted attendance points, but it did not

actually suspend him. Mr. Bice was engaged in protected leave under the Family and Medical Leave Act.

13. On March 26, 2020 and March 27, 2020, Mr. Bice took protected time off from work to care for his wife, as he had a right to do under the FMLA, but the defendant deducted allotted attendance points from him .

14. On other days in March 2020 the defendant may have improperly deducted allotted attendance points from Mr. Bice under its attendance policy when he left work to care for his wife under the FMLA.

15. On March 30, 2020 the defendant terminated Mr. Bice's employment by it without giving him a reason for doing so.

16. Afterwards the defendant attempted to justify its termination of Mr. Bice by stating he had violated the defendant's attendance policy by dropping below zero allotted points.

17. Had the defendant not deducted allotted points from Mr. Bice under its attendance policy for missing work for reasons protected under the FMLA, the defendant would not have terminated his employment for violating its attendance policy.

18. At least three other employees, who did not have FMLA and a relative who was disabled, went under zero allotted attendance points under the defendant's attendance policy, but the defendant did not terminate the employment of those employees at those times.

19. As a result of the wrongful termination of the plaintiff set forth above, the plaintiff has suffered, and will continue to suffer, a loss of income and benefits, emotional distress, and a loss of enjoyment of life.

**COUNT I – FMLA VIOLATIONS**

20. The plaintiff restates and realleges as though fully set forth herein paragraphs 1-19 of this complaint.

21. The defendant terminated Mr. Bice from its employment in part for dropping below zero allotted points under its attendance policy, but had the defendant honored protected leave under the FMLA for the days set forth above, it could not have deducted attendance points without interfering with plaintiff's rights under the FMLA.

22. The defendant discriminated against Mr. Bice for his use of leave under the FMLA by terminating his employment by it.

23. As a result of the wrongful termination by the defendant set forth above ,Mr. Bice has suffered and will continue to suffer a loss of income and benefits.

WHEREFORE, the plaintiff Mr. Bice requests a judgment against the defendant that would include back pay, all equitable relief, including front pay, an equal amount as liquidated damages equaling the amount of backpay and benefits, attorney's fees, costs, all recoverable interest, and any other relief this court deems fair and just.

**COUNT II – ASSOCIATION DISCRIMINATION**

24. The plaintiff restates and realleges as though fully set forth herein paragraphs 1-23 of this complaint.

25. The defendant terminated Mr. Bice in part because it was frustrated that he was taking time off of work to care for his wife, and he was perceived as distracted from his job as a result.

26. As a result of the defendant's discrimination against Mr. Bice because of his associating with his disabled wife, Mr. Bice has suffered and will continue to suffer the damages set forth above.

27. As a result of the retaliatory termination, Ms. Williams as suffered and will continue to suffer the damages set forth above.

32. These claims are actionable under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et. seq*. ,and 42 U.S.C. § 1981a, and , in particular, the association discrimination provision of the Act..

WHEREFORE, the plaintiff Mr. Bice requests a judgment against the defendant that would include back pay and benefits, all equitable relief, including front pay, compensation for all intangible damages past and future, punitive damages, costs, interest, attorney's fees under 42 U.S. C. §1988, and any other relief this court deems fair and just.

Dated: September 10, 2021

WILLIAM F. PIPER, PLC.
Attorney for Plaintiff

By: /s/ William F. Piper
William F. Piper (P38636)
BUSINESS ADDRESS:
1611 W. Centre Avenue, Suite 209
Portage, MI 49024
(269) 321-5008